(14 Misc. Rep. 115.)

### DICKERSON v. JENKINS et al.

(Supreme Court, Special Term, New York County. September, 1895.)

LANDLORD AND TENANT—LEASE—RIGHTS OF SUBLESSEE INTER SE.

Where the lessee of a room sublets to various persons, who divide the spaces in such a manner as to best suit their convenience, but so that a view of the various spaces can be obtained from a point near the front door, the act of one of the sublessees in putting up a rack within line of his own space for use in his business will not be enjoined because it interferes with the view of the adjoining sublessee towards the front door.

Action by William T. Dickerson against Edward M. Jenkins and others. Plaintiff moves for an injunction. Denied.

Charles F. Bliss, for the motion.
Johnston & Johnston, opposed.

BEEKMAN, J. The plaintiff and the defendants are, respectively, lessees, of the Grand Trunk Railway Company, of certain portions of the first floor of the premises No. 273 Broadway, at the corner of Broadway and Chambers street, in this city. The floor in question was longitudinally subdivided by a brass railing about 4 feet in height, the division of the spaces being made by the tenants in such a manner as might best suit their convenience; but, as a rule, the portion of the floor above the level of from 4 to 4½ feet in height is open and unobstructed, so that a view of the various spaces so occupied can be obtained from a point near the front door of the floor. The defendants entered, into possession of the spaces occupied by them at the same time that the Grand Trunk Railway Company, their lessor, took possession of the floor. The defendants' lease commenced on the 1st day of May, 1894. On the 22d day of October, 1894, the Grand Trunk Railway Company leased to the plaintiff a space adjoining that which was occupied by the defendants to the west. At that time, and for some time afterwards, the height of whatever answered the purposes of a partition between the two spaces did not exceed 4½ or 5 feet. A short time prior to the commencement of this action, however, the defendants, who are ticket agents, placed above the partition separating them from the plaintiff, but

entirely within the line of their own space, a rack for the holding of time-tables, some 4 feet in height, which substantially shut in the plaintiff, seriously interfering with his view through the room towards the front door, and also, to a considerable extent, excluding him and his business from the notice of those entering the building from Broadway. The interference with his light, however, is perhaps hardly appreciable, in view of the fact that the space so occupied by him abuts upon a large plate-glass window, opening on Chambers street, through which the light freely comes, and upon and within which also, it may be said in passing, conspicuous signs are displayed by the plaintiff of his business. Differences having arisen between the parties in reference to the right of the defendants to maintain the time-table rack in question, this action has been brought for an injunction restraining the latter from continuing to maintain said rack in its present position, and to compel them to remove the same. There is some suggestion in the papers that the act of the defendants was prompted by feelings of spite and malevolence towards the plaintiff, and a desire to injure him, rather than to promote their own convenience in the transaction of their business. This is specifically denied by the defendants. But, however this may be, the only question presented to me for determination is whether the plaintiff has, by virtue of his lease and occupation of a portion of the property in question, acquired a right, easement, or privilege of having the space now occupied by the obstruction free and open to the extent that existed at the time his lease was made.

I find nothing whatsoever in the lease made to the defendants by the Grand Trunk Railway Company which restrains them from using the demised premises in any respect in which it is legitimate for a tenant to appropriate the same. There is nothing, therefore, so far as the lease is concerned, which forbids or prevents the defendants from maintaining the rack in question; nor, as far as the papers disclose the contents of the lease made to the plaintiff, is there anything in that lease which gives him any greater right or privilege than that which is possessed by the defendants. If the entire space had been originally subdivided by the Grand Trunk Railway Company with transverse partitions, and offered for lease in that way, it might perhaps be claimed that out of these conditions would arise reciprocal easements in favor of each tenant, in respect to the portion of the premises demised to the others, that the spaces above the height of the partitions should be kept open and unobstructed. But there is nothing in the facts before me from which such rights or privileges may be so inferred. We have, then, simply the case of one tenant making a lawful use of the premises demised to him, which, however, subjects another tenant to inconvenience, and, it may be, to loss. But this is not sufficient upon which to found a cause of action. It falls within the large class of cases where consequential damages follow the legitimate exercise by others of their legal rights. For this, in the nature of things, there is no remedy. The defendants have not been guilty of any trespass in doing what they did, and acted apparently within their legal rights; and, although the

plaintiff may be subjected to great inconvenience on that account, I fail to see that he has any remedy.

The plaintiff refers to the case of Hallock v. Scheyer, 33 Hun, 111, in support of his motion. The facts in that case are utterly different from those before me. There the defendant, who kept a store on Grand street, in the city of New York, adjoining that of the plaintiff, placed a show case, sign, and fence, extending from the store out upon the sidewalk, in such a manner and to such a height as to obstruct the light and obscure the view of the plaintiff's show windows, thereby tending to exclude his customers from it and to injure his business. The court held that these acts on the part of the defendant constituted a nuisance, and very properly so, because it was an unauthorized use of the public street, from which the plaintiff suffered special damage, and for that reason was entitled to maintain an action enjoining the continuance of the nuisance. The case, therefore, is utterly inapplicable to that under consideration.

For the reasons which I have given, I am satisfied that the plaintiff is not entitled to the injunction asked for, and the motion must therefore be denied, with $10 costs.

Motion denied, with $10 costs.